UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CATHERINE M.,

                Plaintiff,

v.                                                        6:20-CV-06417

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff | KENNETH HILLER, ESQ.<br>JEANNE E. MURRAY, ESQ. |
| 6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KATHRYN L. SMITH, ESQ.<br>NAHID SOROOSHYARI, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 20). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on plaintiff's motion for approval of attorney fees under 42 U.S.C. 406(b), filed September 25, 2023.  (Dkt. No. 25).

**I.     RELEVANT BACKGROUND**

In June 2020, plaintiff commenced this appeal of the Social Security Administration's (SSA) decision to deny her disability benefits. (Dkt. No. 1). On January 7, 2022, the Court reversed the SSA's decision and remanded this case for further administrative proceedings. (Dkt. No. 21). Thereafter, the Court awarded plaintiff's attorney $7,750.00 in fees under the Equal Access to Justice Act (EAJA), 20 U.S.C. § 2412. (Dkt. No. 24).

Upon remand, on July 26, 2023, an ALJ issued a fully favorable decision granting plaintiff's claim in its entirety. (Dkt. No. 25-5). On August 14, 2023 and September 10, 2023, the SSA issued Notice of Awards granting plaintiff a combined total of $84,902.00 in past-due disability benefits and withholding $21,225.50 (which is 25 percent) to pay attorney fees. (Dkt. No. 25-6, 25-7). On September 25, 2023, plaintiff's attorney moved for $21,225.50 in attorney's fees under 42 U.S.C. § 406(b). (Dkt. No. 25). In response, the Commissioner requested the Court direct that plaintiff's counsel reimburse plaintiff any fees previously received under EAJA, but does not otherwise support nor oppose the motion.

For the reasons that follow, plaintiff's motion is GRANTED.

**II.    DISCUSSION**

As relevant to the instant motion, the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

In retaining counsel in connection with her disability benefits application, plaintiff executed a contingent Fee Agreement providing counsel with permission to apply for fees up to

25% of any retroactive benefits awarded under § 406 if plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney. *Wells*, 907 F.2d at 372. The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel affected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee. *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded plaintiff $84,902.00 in past-due benefits, and therefore counsel's request for $21,225.50 in fees – 25 percent of the award – does not exceed the statutory cap.

As to the first factor, the requested fee is in line with the character of the representation and the result achieved because plaintiff ultimately was awarded benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, the requested fee is reasonable and does not constitute a windfall to counsel. Attorney fees may be deemed windfalls and subsequently reduced, not based on an hourly

amount alone, but rather when the fee would be a windfall to the attorney in light of the work performed. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019)(collecting cases). Counsel for plaintiff spent 37.2 hours in connection with the appeal to this Court. Dividing the $21,225.50 fee requested by 37.2 hours yields an hourly rate of $570.57.

Plaintiff's attorney performed more than a minimal amount of work in the drafting of a 30-page legal memorandum and the hours expended were appropriate. Accordingly, the Court concludes the requested fee award is not a windfall to plaintiff's attorney. Therefore, in light of the deference owed to the agreement between plaintiff and her attorney, in the interest of assuring attorneys continue to represent clients in these types of cases, and the other factors set forth above, the Court finds that the requested fee is reasonable. Plaintiff's attorneys must refund the EAJA fee award to plaintiff, which they indicated they intend to do. *See Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005)(noting that "if an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant" (citing *Gisbrecht,* 535 U.S. at 796)).

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for attorney's fees in the amount of $21,225.50 under 42 U.S.C. § 406(b) (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that plaintiff's attorney remit the $7,750.00 EAJA fee to plaintiff.

Dated: October 4, 2023   *J. Gregory Wehrman* J.G.W.
Rochester, New York      HON. J. Gregory Wehrman
                         United States Magistrate Judge